440

A. C. GRAFF,

*Plaintiff and Respondent,*

vs.

THE CITY OF CASPER, a Municipal Corporation,
*Defendant and Appellant,*

and MARY CATHERINE WALCZAK and
M. J. WALCZAK,

*Defendants.*

(No. 2748; January 2nd, 1957; 304 Pac. (2d) 1074)

For the defendant and appellant the cause was submitted upon the brief of Marvin L. Bishop and Houston G. Williams, both of Casper, Wyoming, and oral argument by Mr. Williams.

For the plaintiff and respondent the cause was submitted upon the brief of Edward E. Murane and Donald E. Chapin, both of Casper, Wyoming, and oral argument by Mr. Chapin.

442

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the Court.

The present case is here for the second time. The original decision in this case appears in Graff v. City of Casper, 73 Wyo. 486, 281 P.2d 685. In that case we directed the trial court to award to the city of Casper the so-called "east part" of the strip of land in controversy, and to award to the plaintiff Graff the so-called "west part" thereof.

On December 19, 1955, the trial court awarded to the city of Casper only the east 347.67 feet of the strip in controversy, and to the plaintiff Graff the remainder. The city has appealed from the judgment, contending that the trial court did not carry out the direction of this court. With that we agree.

The trial court in its original decision had considered only the actual occupancy by the city of part of Fifteenth Street, and so was logical enough in granting to the plaintiff the whole strip in controversy subject only to an easement of the city in the strip of ground from South Wolcott Street to the manhole, some 347.67 feet west of that street. The trial court in its present judgment persists in carrying out its original idea notwithstanding we had disagreed with that idea and did not confine our conclusions to the same narrow compass as did the trial court. This we think is clear from our former decision. The bearing which the construction of the storm sewer had upon the matter was merely one of the factors we considered. We may have been somewhat misled into stating in our original opinion that the storm sewer was laid all along the traveled street, but when a petition for rehearing called our attention to the fact, we concluded that this should not result in

changing our conclusion, for the obvious reason that it was not reasonable that the city wanted and the owner of the ground expected the city to have only a cul-de-sac, leaving travelers upon the street with no way to travel the area from the manhole to the so-called circular connecting street or the reverse.

In the original case we held that the previous owners of the land in controversy had presumptively dedicated to the city of Casper all of that portion of the controverted lands which had been traveled by the public generally from the early 1920's forward. In the portion of the opinion which indicated the steps to be taken for the effectuation of our views, we reversed the trial court and held for the defendant city of Casper as related to "the east part of the ground in controversey," on the ground that it was a public street. We did not specifically indicate measurements or delineate descriptions, since there were none in the record, but we had theretofore provided a definition of "the east part." We described the west part as the strip of ground neither traveled nor containing a storm sewer, which could only be the strip of ground running from South Ash Street eastward to a point where the so-called circular street left the contested area. Additionally, we had provided an approximate diagram. These we considered sufficient to indicate our views that *all* of the lands in controversy actually traveled by the public generally over the thirty-odd year period was a street presumptively dedicated, and thereby the property of the city of Casper.

It is directed that the trial court enter judgment in accordance with these views, heretofore expressed and now clarified. A prerequisite to judgment will be either (a) an agreement between the parties as to the descriptions of the land to be included or (b) a survey of Fifteenth Street between South Wolcott Street and

South Ash Street, as this court has held the street to have been presumptively dedicated, i.e., seventy feet in constant width, running westerly from South Wolcott Street across South Center Street extended to and to connect with the circular street mentioned in our opinion, thereafter swinging toward the southwest across South David Street, then swinging to the northwest toward South Ash Street, all in substantial conformity with the approximate diagram contained in the original case. Any such survey should be at the joint expense of the parties hereto.

Reversed with instructions.